IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LARUNCE ANDREW PIPKIN,** §<br>*Plaintiff*, §<br> §<br>**v.** §<br> §<br>**CONTRACT FREIGHTERS, INC.,** and §<br>**JOHN DOE,** §<br>*Defendant*. § | **Civil Action No. 1:23-CV-01409** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW LARUNCE ANDREW PIPKIN**, hereinafter referred to as Plaintiff, and complains of **CONTRACT FREIGHTERS, INC., and JOHN DOE**, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

1.   Plaintiff **LARUNCE ANDREW PIPKIN**, TX DL# XXXXX374, is an individual residing in Williamson County, Texas.

2.   Defendant **CONTRACT FREIGHTERS, INC.** is a Foreign Company doing business in Texas and has been properly served.

3.   Defendant **JOHN DOE** is an individual acting in the course and scope of his or her employment with Defendant **CONTRACT FREIGHTERS, INC.**, at the time of the incident made the basis of this suit, who may be served with process once his or her identity is ascertained through discovery in this suit.

## II.
## JURISDICTION & VENUE

4. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest and costs.

5. Venue is proper in Travis County pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) as all or a substantial part of the events giving rise to this claim occurred in Travis County.

## III.
## STATEMENT OF FACTS

6. On or about April 2, 2022, Plaintiff **LARUNCE ANDREW PIPKIN** was lawfully operating his 2017 Alfa Romeo Giulia northbound along Interstate Highway 35 in the far-right lane in Austin, Travis County, Texas.

7. At the same time, Defendant **JOHN DOE** was operating a Kenworth tractor-trailer with Defendant **CONTRACT FREIGHTERS, INC.**'s logo on its side northbound along Interstate Highway 35 in the middle lane when he made an unsafe lane change, sideswiping the driver's side of Plaintiff's vehicle, causing Plaintiff significant injuries and damages (hereinafter referred to as the "Crash").

8. Defendant **JOHN DOE** then drove away from the scene of the Crash without stopping or exchanging any information with Plaintiff.

9. At the time of the Crash, Defendant **JOHN DOE** was acting within the course and scope of his employment with Defendant **CONTRACT FREIGHTERS, INC.**

## IV.
## CAUSES OF ACTION
## AGAINST DEFENDANT JOHN DOE

    **A.**    **NEGLIGENCE**

10. Defendant **JOHN DOE** was negligent in many ways, including failing to act as a driver exercising ordinarily prudent care would under the same or similar circumstances by choosing to violate rules, requirements, regulations, standards, and laws for the provision of safe driving on our roadways, including but not limited to:

    a.    failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under the same or similar circumstances;

    b.    failing to timely apply the brakes of the vehicle in order to avoid the Crash;

    c.    failing to turn the vehicle in an effort to avoid the Crash;

    d.    making an unsafe and improper lane change;

    e.    faulty evasive action;

    f.    driving distracted; and

    g.    violating various TEXAS TRANSPORTATION CODE sections, including Section 545.060(a).

11. Each of these acts or omissions by Defendant **JOHN DOE** constitutes negligence and proximately caused the Crash and Plaintiff's injuries and damages.

12. By reason of all the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which he now sues.

    **B.**    **NEGLIGENCE *PER SE***

13. Further, Defendant **JOHN DOE** failed to exercise the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE § 545.060(a), which states, in pertinent part:

**§ 545.060. Driving on Roadway Laned for Traffic.**

    (a)    An operator on a roadway divided into two or more clearly marked lanes for traffic:

          (1)    shall drive as nearly as practical entirely within a single lane; and

          (2)    may not move from the lane unless that movement can be made safely.

14. Defendant **JOHN DOE**'s violation of Texas law, specifically TEXAS TRANSPORTATION CODE § 545.060(a), constitutes negligence *per se*. Defendant **JOHN DOE**'s violation of Texas law proximately caused Plaintiff's injuries and damages as alleged herein, and Plaintiff is within the class of people sought to be protected by such laws.

    **C.**    **GROSS NEGLIGENCE**

15. Defendant **JOHN DOE**'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant **JOHN DOE** constitute gross negligence as that term is defined in TEX. CIV. PRAC. & REM. CODE § 41.001(11). Defendant **JOHN DOE**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff. Defendant **JOHN DOE** had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

16. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff. Thus, Plaintiff sues for exemplary damages.

**V.
CAUSES OF ACTION AGAINST DEFENDANT
CONTRACT FREIGHTERS, INC.**

    **A.**    *RESPONDEAT SUPERIOR*

17. At the time of the Crash, Defendant **JOHN DOE** was acting in the course and scope of his or her employment with Defendant **CONTRACT FREIGHTERS, INC.**

18. At the time of the Crash, Defendant **JOHN DOE** was engaged in the furtherance of Defendant **CONTRACT FREIGHTERS, INC.**'s business.

19. At the time of the Crash, Defendant **JOHN DOE** was engaged in accomplishing a task for which he or she was employed by Defendant **CONTRACT FREIGHTERS, INC.**

20. Plaintiff invokes the doctrine of *respondeat superior* against Defendant **CONTRACT FREIGHTERS, INC.**

21. Defendant **CONTRACT FREIGHTERS, INC.**, is responsible for the acts or omissions by Defendant **JOHN DOE** which constitute negligence, negligence *per se*, and gross negligence, and proximately caused the Crash and Plaintiff's injuries and damages.

22. By reason of all the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which he now sues.

    **B.**    **NEGLIGENT HIRING, TRAINING, SUPERVISION, AND ENTRUSTMENT**

23. Defendant **CONTRACT FREIGHTERS, INC.**, was directly negligent in many ways, including failing to act as an employer exercising ordinarily prudent care would under the same or similar circumstances by choosing to violate rules, requirements, regulations, standards, and laws for the provision of safe driving on our roadways, including but not limited to:

    a.    failing to hire a safe and qualified driver;

    b.    failing to provide proper training and reinforce safe driving to its driver;

    c.    failing to properly supervise and monitor its driver; and

    d.    failing to entrust the vehicle to a safe and qualified driver.

24. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

### C. GROSS NEGLIGENCE

25. Defendant **CONTRACT FREIGHTERS, INC.**'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant **CONTRACT FREIGHTERS, INC.**, constitute gross negligence as that term is defined in TEX. CIV. PRAC. & REM. CODE § 41.001(11). Defendant **CONTRACT FREIGHTERS, INC.**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff. Defendant **CONTRACT FREIGHTERS, INC.**, had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

26. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff. Thus, Plaintiff sues for exemplary damages.

## VI.
## DAMAGES

27. Defendants have proximately caused the Crash and Plaintiff's damages well in excess of the minimum jurisdictional limits of this Court, and Plaintiff requests the following damages:

   a. Past medical expenses;
   b. Future medical expenses;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering in the future;
   e. Mental anguish in the past;
   f. Mental anguish in the future;
   g. Physical impairment and disability in the past;
   h. Physical impairment and disability in the future;
   i. Physical disfigurement in the past;
   j. Physical disfigurement in the future;
   k. Lost wages;
   l. Loss of future earning capacity;
   m. Punitive and exemplary damages; and
   n. Pre-judgment and post-judgment interest.

## VII.
## DEMAND FOR JURY TRIAL

28.     Plaintiff hereby demands a jury trial in this matter.  The required jury fee has been paid.

## VIII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

29.     The undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE is as follows: etinney-svc@tjhlaw.com.  This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

   a. Past medical expenses;
   b. Future medical expenses;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering in the future;
   e. Mental anguish in the past;
   f. Mental anguish in the future;
   g. Physical impairment and disability in the past;
   h. Physical impairment and disability in the future;
   i. Physical disfigurement in the past;
   j. Physical disfigurement in the future;
   k. Lost wages;
   l. Loss of future earning capacity;
   m. Punitive or exemplary damages;
   n. Pre-judgment interest;
   o. Post-judgment interest;
   p. Costs of court; and
   q. Such other and further relief of any kind to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THOMAS J. HENRY LAW, PLLC**
P.O. Box 696025
San Antonio, Texas 78269
Phone: (361) 985-0600
Fax: (361) 985-0601

_____
**EOIN TINNEY**
STATE BAR NO. 24122854
*Email: etinney-svc@tjhlaw.com
**ATTORNEYS FOR PLAINTIFF**

*Service by email to this address only.

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing instrument was duly served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on **December 18, 2023** upon the following:

**VIA E-MAIL**
Larry D. Warren
lwarren@namanhowell.com
Randee J. Williams Koeller
rwkoeller@namanhowell.com
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Phone: (210) 731-6350
Fax: (210) 785-2950
**ATTORNEYS FOR DEFENDANT**

_____
**EOIN TINNEY**